THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY SCHLEMMER, Appellant.— Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Jenks, P. J., Thomas, Mills, Kelly and Jaycox, JJ., concurred.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FLORENCE O'SULLIVAN, Relator, v. ARTHUR WOODS, as Police Commissioner of the City of New York, Respondent.— Determination confirmed and writ dismissed, with fifty dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

HARRISON A. SEARLE, Respondent, v. EDWIN L. HOYT, Defendant, and HELEN B. HOYT, Appellant.— Judgment and order reversed, with costs, and complaint unanimously dismissed, with costs. There is no evidence to sustain the judgment against the appellant. In signing the paper writing mentioned in the complaint she acted as agent for her husband, and did not assume to bind herself individually, nor did she guarantee performance by her husband. There is no proof of want of authority, nor is any fraud alleged or proved. The fact that the record title to the real estate stood in the name of a third party does not prove inability on the part of the vendor to perform, and in this case there was no proof that plaintiff demanded performance or tendered the consideration money. Plaintiff was put in possession of the property as agreed, but he voluntarily abandoned it because some stranger to the title who is not shown to have had any interest asserted ownership. It is also doubtful whether in any case the writing in question is enforcible as a contract, nor is there proof of delivery, the appellant having directed the real estate broker not to deliver the paper signed by her and the plaintiff respondent obtaining possession of it by replevin proceedings. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

BARNE SILVER, Appellant, and SILVER'S BATHING PAVILION, INC., Plaintiff, v. EGBURT E. WOODBURY, as Attorney-General of the State of New York, and ISRAEL M. LERNER, Individually and as Deputy Attorney-General of the State of New York, Appellants, and Others, Defendants.— Judgment unanimously affirmed, on the ground that plaintiffs' structures having been lawfully erected above mean high-water mark did not become subject to removal without legal process, when the sea had advanced so as to flow under them. The duty, if any, then to adapt the buildings in the new conditions of the sea's advance, so as to facilitate the public rights to cross, is not before us. Because of cross-appeals, the affirmance is without costs. Present — Jenks, P. J., Thomas, Mills, Putnam and Jaycox, JJ.

LENA WERNS, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Mills, Kelly and Jaycox, JJ.